UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 03-377-PEP

ALISA THOMPSON,                                                    PLAINTIFF,

V.                          **MEMORANDUM OPINION**
                               **AND ORDER**

KY V-A-T FOOD STORES, INC., ET AL.,                      DEFENDANTS.


## I.   INTRODUCTION

This matter is before the Court for decision upon the parties' motions for summary judgment.  Now ripe for decision, Plaintiff's Motion shall be overruled, Defendants' Motion shall be sustained and Judgment shall be entered in favor of Defendants, dismissing Plaintiff's claims with prejudice.

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY

The essential facts on which Plaintiff, Alisa Thompson, bases her claims are not materially in dispute.  Plaintiff went to work for Defendant K-V-A-T in October of 1995 in their Food City store at South Williamson, Kentucky.  For the first six (6) months, Plaintiff worked as a bakery helper.  Thereafter, and until the termination of her employment in October, 2003, she worked as a deli/bakery manager.

The events leading up to Plaintiff's termination began about a month and a half prior

thereto, when she asked Benton Nunnemaker, the store manager at that time, if he would agree to the store donating the labor required to prepare some food and flowers for the wedding of a friend of Plaintiff. Mr. Nunnemaker supposedly gave permission for the store to donate that labor, so long as all food and flowers were purchased at the store.

When Mr. Nunnemaker was fired and replaced by Timothy Meade as store manager about a month later, Plaintiff checked with the assistant manager, Gordon Trivette, to confirm that this plan was still in effect. Mr. Trivette advised Plaintiff that there was no problem. Apparently, however, Mr. Trivette did not check with Mr. Meade and when Meade later saw Plaintiff and her friend taking the food and flowers they had prepared out of the store, he questioned them about the matter. A few days later, Mr. Meade terminated Plaintiff's employment, despite her protestations that Mr. Nunnemaker and Mr. Trivette had given her their prior, express approval for charging Plaintiff's friend only for the cost of the food and flowers, but not the cost of the labor for preparing them.

Plaintiff originally brought this action against Defendants K-V-A-T and Timothy Meade for wrongful termination and outrageous conduct/intention infliction of emotional distress in the Pike Circuit Court, filing her Complaint on November 13, 2003. [Record No. 1, Attachment # 1, State Court Complaint.] Plaintiff seeks to recover compensatory damages for lost wages, paid vacation, fringe benefits, mental/physical pain and suffering and permanent impairment of her power to earn income. [Id.]

Defendants timely removed the action to this court on the basis of diversity of

citizenship jurisdiction. [Record No. 1.]   Upon the parties' stipulation of consent pursuant to 28 U.S.C. § 636(c)(1) [Record No. 7], this matter was assigned to the undersigned for trial and entry of final judgment. [Record No. 8.] After the time granted in the court's Scheduling Order to conduct discovery had expired and within the time limit set for filing dispositive motions [Record No. 9], Defendants timely filed their Motion for Summary Judgment. [Record No. 19.] Plaintiff proceeded to file her own Motion for Summary Judgment [Record No. 20], to which Defendants filed a Response. [Record No. 21.]   All time permitted by Local Rule 7.1(c)(1) and (2) having expired without any additional memoranda being filed, both motions are now ripe for decision.

## III.  APPLICABLE LAW AND ANALYSIS

### A.  Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The movant must make an initial showing that there is an "absence of a genuine issue of material fact" as to an essential element of the non-movant's case.  Street v. J. C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989), citing Celotex Corp. v. Catrett,477 U.S. 317, 323 (1986).  This showing may be made by "pointing out to the court that the [non-moving party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her

case." <u>Id.</u>  In other words, the movant can challenge the non-movant to "put up or shut up" on a critical issue.  <u>Id.</u> at 1478.

If the movant makes this showing, then the non-movant must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex</u>, 477 U.S. at 322.  The test for deciding a motion for summary judgment is the same as that for directed verdict.  <u>Id.</u> at 323; <u>Street</u>, 886 F.2d at 1479.  The mandate of Rule 56(e) that judgment shall be entered against the non-moving party unless affidavits or other evidence set forth specific facts showing that there is a genuine issue for trial is not, however, to be satisfied by replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."  <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990), citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

The court must view all facts in the light most favorable to the non-moving party and give him or her the benefit of all reasonable inferences that can be drawn from the facts.  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  Where the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.  <u>Id.</u> at 586-87.

B.   <u>Substantive Law Applicable to this Diversity Action</u>

Pursuant to the well-known doctrine set forth in <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938), a federal court in a diversity action must apply the same substantive law that

would be applied if the action had been brought in a state court of the jurisdiction in which the federal court is located. Equitable Life Assurance Soc'y v. Poe, 143 F.3d 1013, 1016 (6th Cir. 1998). "We apply state law in accordance with the then controlling decision of the highest state court." Twin City Fire Ins. Co.v. Adkins, 400 F.3d 293, 296-97 (6th Cir. 2005) (quoting John Hancock Fins. Servs. v. Old Kent Bank, 346 F.3d 727, 733 (6th Cir. 2003)). Therefore, the Court will look to Kentucky substantive law in this case. See Certain Interested Underwriters at Lloyds, London v. Layne, 26 F.3d 39, 43 (6th Cir. 1994).

### C.  The Motions for Summary Judgment

#### i. Plaintiff's Wrongful Termination Claim

In their Memorandum in Support of their Motion for Summary Judgment [Record No. 19, Attachment #1], Defendants contend that they are entitled to dismissal of Plaintiff's wrongful termination claim because Plaintiff was an "at will" employee. [Id. at unnumbered p. 6.] Plaintiff contends, however, that even if she is indeed an "at will" employee, Defendant K-V-A-T's employee handbook, which requires that a four (4) stage process of progressive discipline be utilized prior to termination of an employee, created an implied contract of employment, such that Plaintiff could not be terminated without that process being followed. [Record No. 19, Memorandum in Support, Attachment # 1, pp.5-9.] Because Defendant K-V-A-T admittedly did not follow that four (4) stage process in terminating her employment, Plaintiff contends that she is entitled to summary judgment in her favor because of Defendant K-V-A-T's breach of her employment contract. [Id. at 9.]

5

In Kentucky, "ordinarily an employer may discharge his at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible." Firestone Textile Co. Div. v. Meadows, 666 S.W.2d 730, 731 (Ky. 1984). The Supreme Court of Kentucky has recognized a narrowly defined exception to this "terminable-at-will" doctrine, i.e., for wrongful discharge in violation of public policy. The Court limits at-will "employees' claims for wrongful discharge to those situations where the evidence established the employer was retaliating against the employee for exercising a right conferred by well-established legislative enactment or for refusing to violate the constitution or a statute." Nelson Steel Corp. v. McDaniel, 898 S.W.2d 66, 69 (Ky. 1995). To fall within the public policy exception to the "terminable-at-will" doctrine, an employee must prove: (1) that the discharge was contrary to a fundamental and well defined public policy as evidenced by existing law; and (2) the policy must be evidenced by a constitutional or statutory provision. Grzyb v. Evans, 700 S.W.2d 399, 401 (Ky. 1985). "The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide, not a question of fact." Id.

As Defendants correctly contend in their Response [Record No. 21] to Plaintiff's summary judgment motion, Plaintiff's employment with Defendant K-V-A-T was "at will" unless the parties expressly agreed otherwise, citing Noel v. Elk Brand Manufacturing Co, 53 S.W.3d 95 (Ky. 2000). In Kentucky, express disclaimers made in an employee manual stating that the manual is not a contract of employment effectively preclude deviation from

6

the terminable-at-will doctrine. <u>Nork v. Fetter Printing Co.</u>, 738 S.W.2d 824 (Ky. App. 1987). "Absent a clear statement not to terminate without cause, the assumption is that the parties intended to enter into an ordinary employment relationship, terminable at the will of either party." <u>Beard v. McCammish Manufacturing Co.</u><b>,</b> <u>Inc.</u>, 2004 WL 2203534 (W.D. Ky.), citing <u>McNutt v. Mediplex of Kentucky, Inc.</u>, 836 F.Supp. 419 (W.D. Ky. 1993).

In this case, as Defendants point out in their Response, the employee handbook on which Plaintiff relies in support of her motion for summary judgment provides within its "Introduction," in pertinent part, as follows:   "This handbook is intended as a guide, and it is not intended to be, nor should it be construed as an employment contract." [<u>Id.</u>, Attachment # 3.]   That handbook contains other provisions making it clear that all employees, including Plaintiff, were terminable "at will."   The section of the handbook entitled "Our Employment Policies and Procedures – Our Working Relationship," states: Should you ever wish to leave our employment or should we desire to end the employment relationship, we both are free to do so at will...." [<u>Id.</u> at 7.]   Another section of the handbook, entitled "Your 'Try-Out' Period," provides as follows:

> ....Your supervisor and fellow associates will help you adjust to your new job. **However, if for any reason it appears to you or to the company (either during the try-out period or thereafter) that the job is not the right one for *you, you* may resign or be terminated without prior notice or obligation.**

[<u>Id.</u> at 12; emphasis added.]   Contrary to Plaintiff's assertions otherwise, these portions of Defendant K-V-A-T's employee handbook make it clear that Plaintiff was an "at will"

7

employee. Accordingly, Defendant K-V-A-T was entitled to terminate her employment for any reason, no reason at all or even a morally indefensible reason. <u>Firestone</u>, 666 S.W. 2d at 731; <u>Nork</u>, 738 S.W. 2d at 827.

Plaintiff also contends, however, that the doctrine of promissory estoppel applies to her wrongful discharge claim. Plaintiff asserts that courts have held "that an employee may be able to enforce the termination procedures spelled out in the employee manual under a theory of Promissory Estoppel if he can demonstrate that: (1) an employer should reasonably expect the employee to consider the employee manual as a commitment from the employer to follow the termination procedures; (2) the employee originally relied on the termination procedures to his detriment; and (3) injustice can be avoided by enforcement of the termination procedure. " [Record No. 20, Plaintiff's Memorandum in Support of Motion for Summary Judgment, Attachment # 1, p. 7) .

As a threshold matter, it is noted that Plaintiff did not plead a promissory estoppel claim in her complaint; the first time Plaintiff asserts such a claim is in her motion for summary judgment. [<u>Id</u>.] On this basis alone, the claim is without merit.

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). It must provide the defendant only with fair notice as to the nature of plaintiff's claim and the grounds upon which it rests. <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). In keeping with the liberal rules of notice pleading, this Court will construe all pleadings so "as to do substantial justice." See <u>id</u>. at 48 (quoting

Fed.R.Civ.P. 8(f)).

In this case, however, Plaintiff never pled anything even remotely resembling a promissory estoppel claim. Therefore, Defendants are entitled to dismissal of that claim on that basis alone.  <u>Tucker v. Union of Needletrades, Industrial and Textile Employees</u>, 407 F.3d 784, 786 (6th Cir. 2005)(The district court properly refused to consider Plaintiff's promissory-estoppel argument because she failed to raise this claim in her pleadings). Nonetheless, the substantive merits of Plaintiff's promissory estoppel argument will be evaluated.

A claim of promissory estoppel based on Defendant K-V-A-T's employee handbook will not serve as a proper basis on which to void Plaintiff's termination. As Plaintiff implicitly admits, promissory estoppel on this basis will only lie where an employer should reasonably expect the employee to consider the employee manual as a commitment from the employer to follow the termination procedures. The doctrine of promissory estoppel can modify an employment-at-will relationship if the employee establishes that (1) the employer made a promise that the employer should reasonably expect to induce action or forbearance on the part of the employee; (2) the promise actually induced action or forbearance that was detrimental to the employee; and (3) enforcement of the promise is necessary to avoid injustice. <u>Snyder v. Ag Trucking, Inc.</u>, 57 F.3d 484, 488 (6th Cir.1995).

In this case, Plaintiff could reasonably expect that only a violation of company policy would usually result in termination. Nevertheless, Plaintiff has failed to show that the

provisions of the handbook on which she relies support a promissory estoppel claim. Therefore, Defendants are entitled to summary judgment dismissal of this claim as well.

Plaintiff also contends that "it is generally recognized that if a termination violates progressive discipline procedures set forth in an employer's handbook, the employer has breached his promise of procedural fairness, and the employee may recover for wrongful discharge," citing Shah v. General Electric, 816 F.2d 264 (6th Cir. 1990) in support. [Record No. 20, Memorandum in Support, p. 11.]   In Shah, the Sixth Circuit held that the District Court erred in holding that all employees are terminable-at-will unless the discharge was motivated by a desire to punish the employee for seeking benefits to which he is entitled by law. In so holding, the Court quoted Shah v. American Synthetic Rubber Corp., 655 S.W.2d 489 (Ky., 1983), in which the Supreme Court of Kentucky stated:  "We join a number of other jurisdictions which hold that parties may enter into a contract of employment terminable only pursuant to its express terms – as "for cause" – by  clearly stating their intention to do so, even though no other considerations than services to be performed or promised, is expected by the employer, or performed or promised by the employee." Id.

While it is clear that "for cause" employment contracts on this basis can be entered into in Kentucky, the employee bears the burden of proving that the parties entered into such a contract. In Shah, the plaintiff presented evidence that during preemployment negotiations, the employer had shown him the company employment manual and told the plaintiff that the company did not terminate its employees without good cause. Id. at 266, 273. This evidence,

10

the Sixth Circuit said, created a factual issue – unresolvable on summary judgment – as to whether the parties had modified the usual at-will contract.  Id. at 272-273.

In this case, however, there is no reasonable factual basis on which it could be found that such a contract existed. Defendant K-V-A-T's employee handbook expressly provided that Plaintiff was an 'at will" employee. And, the handbook stated that Defendant only agreed to use whatever disciplinary action (including termination) it deemed appropriate in a given situation. No reasonable interpretation of the employee handbook supports Plaintiff's contention that the handbook created an employment contract whereby she could only be fired for cause. Instead, the terminable-at-will nature of her employment is referred to time and time again in the employee handbook the Plaintiff seeks to use in support of her claims.

Accordingly, Defendants are entitled to summary judgment dismissal of this aspect of Plaintiff's wrongful discharge claim as well.  Because none of Plaintiff's theories of recovery in the general category of wrongful discharge or termination are valid under applicable Kentucky law, Defendants are entitled to summary judgment dismissal of such claims in their entirety.

  ii. Plaintiff's Claim for Outrageous Conduct/Intentional Infliction of Emotional Distress

Plaintiff has also arguably pled a claim for outrageous conduct or intentional infliction of emotional distress in regard to alleged conduct by Defendant Timothy Meade, which Defendant K-V-A-T allegedly knew about and/or ratified. [Record No. 1, Notice of

Removal, Attachment # 3, State Court Complaint, p. 1.]  Defendants contend that they are

also entitled to summary judgment dismissal of this claim because the conduct at issue is

insufficient to prove the commission of such tort. [Record No. 19, Memorandum in Support,

Attachment # 1, unnumbered pp. 11-19]

In implicit response to Defendants's motion on this issue,[1] Plaintiff's entire argument

is as follows:

> The conduct afforded Ms. Thompson in this case was clearly outrageous. She
> was fired for almost no reason, or conduct which not only had been tolerated
> by this company in the past but had been authorized by her supervisors and for
> allegations which have never been proven in the record. The Defendants have
> not produced any evidence showing that the Plaintiff's actions were not
> authorized or supported by her Supervisors at that time, in fact have never
> taken their testimony, and have never shown that they did not occur the way
> she stated.

[Record No. 20, p. 8.] This is insufficient to sustain Plaintiff's burden of showing, in

response to Defendants's motion for summary judgment, that her claim for outrageous

conduct/intentional infliction of emotional distress has a legitimate factual basis.

Kentucky courts recognize the tort of outrage cause of action, but have applied it only

sparingly. Craft v. Rice, 671 S.W.2d 247, 250 (Ky.1984). In Craft, the Kentucky Supreme

Court adopted the Restatement (Second) of Torts § 46(1), which provides that "[o]ne who

by extreme and outrageous conduct intentionally or recklessly causes severe emotional

---

[1]  Plaintiff has not filed anything expressly designated as a response to Defendants'
motion [Record No. 19], but within her motion for summary judgment [Record No. 20], filed
after Defendants filed their motion for summary judgment, Plaintiff clearly advances
arguments in opposition to the portion of Defendants' motion seeking dismissal of this
claim.

distress to another is subject to liability for such emotional distress." <u>Humana of Ky., Inc.</u> <u>v. Seitz</u>, 796 S.W.2d 1, 3 (Ky.1990) (citing <u>Craft</u> and § 46(1) of Restatement (Second)). The elements of proof necessary to sustain the cause of action are: (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe. <u>Craft</u>, 671 S.W.2d at 249. See also <u>Ross v. Burns</u>, 612 F.2d 271, 273 (6th Cir.1980)(finding newspaper's publication of photograph of undercover narcotics officer was not extreme and outrageous).

In this case, Plaintiff is required, in response to Defendants's contention that the conduct at issue does not constitute outrageous conduct, to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Clearly, at trial, Plaintiff would bear the burden of proving facts sufficient to constitute the tort of outrageous conduct. If she cannot do so at the summary judgment stage of this case, then that claim must be dismissed. <u>Sacharnoski v. Capital Consol., Inc.</u>, 187 F.Supp.2d 843, 845 (W.D. Ky. 2002).

Plaintiff has not sustained that burden in response to Defendants' motion. Therefore, Plaintiff's claim for outrageous conduct or intentional infliction of emotional distress must be dismissed as well.

<u>IV.  CONCLUSION</u>

Because there is no genuine issue of material fact as to Plaintiff's wrongful termination and outrageous conduct/intentional infliction of emotional distress claims, Defendants are entitled, as a matter of law, to summary judgment in their favor, dismissing those claims with prejudice.  This same failure of proof requires that Plaintiff's Motion for Summary Judgment be overruled.  Accordingly, and the court being otherwise sufficiently advised,

IT IS ORDERED HEREIN AS FOLLOWS:

(1)    Defendants' Motion for Summary Judgment [Record No. 19] is hereby SUSTAINED.

(2)    Plaintiff's Motion for Summary Judgement [Record No. 20] is hereby OVERRULED.

(3)    Final Judgment be entered herein in favor of Defendants, dismissing Plaintiff's claims against them with prejudice.

(4)   In addition to regular service by mail or electronic means, a copy of this order shall be transmitted forthwith to all counsel of record by facsimile.

Signed September 8, 2005.



Signed By:

_Peggy E. Patterson_  ᏢЄᏢ

**United States Magistrate Judge**

Date of Entry and Service: